**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MERON ZERAY KAHESAY,

             Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

             Respondent.

No. 18-72050

Agency No. A209-763-746

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2021
Phoenix, Arizona

Before: W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Meron Zeray Kahesay is a citizen of Eritrea. The immigration judge ("IJ")

presiding over Kahesay's removal proceedings granted her withholding of removal

from Eritrea and Ethiopia and relief under the Convention Against Torture, but

denied her application for asylum. Kahesay petitions for review of the Board of

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Immigration Appeals' ("BIA") decision affirming the IJ's determination that Kahesay is statutorily ineligible for asylum because she was firmly resettled in Italy prior to entering the United States. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). Because the BIA declined to affirm the IJ's discretionary denial of asylum, that issue is not before us.

As an initial matter, we reject the government's argument that we lack jurisdiction over Kahesay's challenge because it was not adequately exhausted before the BIA. The BIA expressly addressed whether the IJ properly determined that Kahesay was firmly resettled in Italy, which is sufficient for purposes of exhaustion. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("It is well-established that we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency."). We therefore have jurisdiction pursuant to 8 U.S.C. § 1252(a) to address that issue.

We conclude that the BIA's holding that Kahesay was firmly resettled in Italy is not supported by substantial evidence. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc). The Department of Homeland Security ("DHS") bore the burden of demonstrating that Kahesay was firmly resettled in another country before entering the United States. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019); *see also* 8 C.F.R. § 1208.15. The only evidence DHS

2

submitted on that point was a three-page investigation report noting that before entering the United States, Kahesay had flown from Italy to Mexico "utilizing an Italian travel document . . . with refugee status in Italy." In concluding that Kahesay was firmly resettled in Italy, it appears both the IJ and BIA misread her testimony as establishing that her refugee status was permanent, when she testified without contradiction before the IJ that her travel and work permits were subject to renewal. She testified that she could "renew [her refugee status] every two years." DHS provided no evidence that Kahesay's status in Italy was permanent. In sum, DHS failed to carry its prima facie burden, and the BIA's determination that Kahesay was firmly resettled is not supported by substantial evidence.

In light of our conclusion, we need not reach Kahesay's alternative argument that her treatment in Italy amounted to persecution and precluded a finding of firm resettlement. *See Arrey*, 916 F.3d at 1160 (quoting *Yang v. INS*, 79 F.3d 932, 939 (9th Cir. 1996)) ("firmly resettled aliens are by definition no longer subject to persecution").

**GRANTED and REMANDED.**